## HENDRICKS *v.* HASKINS.

1. EVIDENCE—HEARSAY—HARMLESS ERROR.

   Error in receiving hearsay evidence that defendant did certain acts is rendered harmless by his testifying to the same effect.

2. FALSE IMPRISONMENT—CONFEDERATION—QUESTION FOR JURY.

   In an action for false imprisonment against a sheriff and one H., it appeared that plaintiff's husband, father-in-law, and uncle were arrested at their home under a civil warrant issued on complaint of H. under the forcible entry and detainer act; that, having served the warrant upon the three men, the sheriff arrested the plaintiff without any warrant, and compelled all to accompany him to the office of the justice, 3½ miles distant; that H., who had accompanied the sheriff when the arrest was made, taking advantage of the fact that no one was left to guard the premises, immediately broke into the house and took possession of the same, throwing out and damaging plaintiff's furniture.   *Held*, that the evidence raised a question for the jury as to whether the sheriff connived with H. with respect to the acts subsequent to the arrest.

Error to Alpena; Kelley, J.  Submitted June 16, 1897.
Decided September 14, 1897.

Case by Carrie Hendricks against William F. Haskins
and William Mulvena for false imprisonment.  From a
judgment for plaintiff, defendants bring error.  Affirmed.

*Dafoe & Gustin*, for appellants.

*J. D. Turnbull*, for appellee.

LONG, C. J.  This action was commenced in the Alpena
circuit court to recover damages for an unlawful arrest
and imprisonment.  On the trial the plaintiff had verdict
and judgment for $337.50.  The plea was the general
issue, without notice of justification.

It appears that defendant Mulvena was the sheriff of
Alpena county in 1895.  Defendant Haskins, on June 29,
1895, made a complaint before Justice Patnode, on which
a civil warrant was issued under the forcible entry and
detainer act for the arrest of Charles Hendricks, plaintiff's
husband, Martin Hendricks, his father, and an uncle by
the name of Austin Hendricks.  On the evening of that
day, the sheriff, accompanied by Haskins, went to the
Hendricks house to serve the warrant.  The plaintiff's
claim is that, when defendants arrived there, the sheriff
took the three Hendricks into custody under his warrant,
claiming that he held them for a criminal offense; that
they asked him to read the warrant, which he refused to
do; that some words passed between them, when the
plaintiff said, "I am going to find out;" that the sheriff
then said he would take all of them into custody, includ-
ing the plaintiff, and stated to her that she would have to
go before the justice too; that, when they left the house,
they locked it up with a chain and padlock; that at that
time she had a young child, about a year old, which she
was obliged to carry with her; that they were all con-
veyed by the sheriff to Ossineke, 3½ miles distant; that it
was after dark when they arrived at the justice's office

there; that the cause was then adjourned until the following Saturday; that the parties defendant were then asked to get bonds for their appearance. The record is not clear as to whether any bond was given or not, but the parties were released with the understanding that they appear at the adjourned day. They did appear on the adjourned day, but, the term of the justice having expired, no further proceedings were had. It appears that, during the time the Hendricks people were away from their home that night, defendant Haskins, with others, broke into the house, took the furniture out, and took possession. Plaintiff claims that a considerable amount of furniture was injured and destroyed in removing it from the house.

The contention of defendants on the trial was that, arriving at the house on that night, the plaintiff came to the door, and refused the sheriff admittance, flourished a knife, and threatened to do violence upon the sheriff with it if he attempted to remove the parties named in the warrant; that for this reason he arrested the plaintiff, and took her before the justice, and by direction of the justice he inserted her name in the warrant. There was no denial by the defendants but that the plaintiff was arrested that night and taken before the justice.

The court charged the jury at the close of the testimony:

"There is but one question in this case for you to determine, and that is the amount of the recovery,—the amount of damages to be awarded to the plaintiff,—as the plaintiff is entitled to your verdict. There is no justification. There is no evidence in this case which warrants me in submitting to you the question of justification or excuse for the purpose of defeating this action. Under the pleadings in this case no justification has been permitted, and the question of the defendant Mr. Mulvena having in his possession a warrant at that time, or any other process, cuts no figure in this case, so far as justification is concerned. * * * The claim of defendant Mulvena is that when he went to that house the door was closed, or attempted to be closed, as he attempted to enter, and some very improper and abusive language was used by the woman, and he claims she had a knife in her hand. This

testimony is permitted for the purpose of showing the
manner in which he made this unlawful arrest; in other
words, it is proper in this case for the purpose of mitigat-
ing damages, but not for justifying the act.  *  *  *  It
makes no difference whether the sheriff and the other de-
fendant who acted with him were mistaken or not about
their legal rights; it makes no difference whether they
supposed they had the right to do it or not; nor would it
make any difference, any words used by this woman.
There was no right in this officer to take her from her
house on that occasion.   He had no legal authority to do
it, and it was a wrong when he attempted it.  *  *  *  If
you find from the evidence in this case, and the circum-
stances and surroundings that have been disclosed by the
evidence, that the sheriff in doing this act—in making this
arrest—acted in connivance with or in concert with the
other defendant for the purpose of cleaning out that house,
so that some one else could obtain possession of it,—if you
find that to be the fact from the evidence and surround-
ings and all the circumstances that have been detailed
here,—it would be evidence of malice, and you have a
right to impose what the law defines as exemplary dam-
ages.  *  *  *  If you find that the defendant Haskins
aided and assisted and procured the acts of the sheriff, I
charge you that he is equally guilty in this case."

It is contended by counsel for defendants that there is
no evidence in this record in any manner connecting de-
fendant Mulvena with the other defendant in taking pos-
session of the premises after the parties were arrested and
taken from their home; that all the testimony upon that
subject comes from the plaintiff, who did not return home
that night, but stayed at the house of her uncle; that all
she pretends to know about putting the furniture out is
what her husband told her of what he found when he
went back that night.   It appears that defendant Mulvena
did not go back to plaintiff's house that night, but what
was done there was done by defendant Haskins.   The tes-
timony of plaintiff as to what her husband told her about
the furniture thrown out of the house by defendant Has-
kins was incompetent; but defendants are in no position
to complain of it now, as Haskins testified that, very soon
after the parties left the premises, he broke into the house

and threw the furniture out. The plaintiff's testimony as to the destruction of the property was from an examination of it, and not from what her husband said of its condition, and was admissible. We think it cannot be said that there is nothing in the case connecting defendant Mulvena with the breaking into the house; and the court very properly instructed the jury that this might be taken into consideration as bearing upon the question of malice. The sheriff knew that Haskins was attempting to get possession of the premises. The very purpose of the complaint and warrant was to determine the question of right of possession; and all the circumstances surrounding the case, and the conduct of the sheriff in making the arrest, taking all the parties from the house who could have defended possession as against Haskins, might properly be taken into consideration by the jury in determining the responsibility of Mulvena for Haskins' breaking in after the arrest was made. In other words, we are unable to say upon this record, from the facts and circumstances and the testimony given, that there was nothing in the case which had a tendency to show that Mulvena was cognizant of the acts of Haskins after the arrest was made. Inferences to be drawn from the conduct of the parties and all that took place might tend to show that Mulvena and Haskins understood each other as to the manner in which possession of the premises was to be obtained. The arrest of the plaintiff was wholly unwarranted, and it is difficult to see why the sheriff should have taken her from her house that night, unless it was for the purpose of permitting Haskins to get possession. They were wrongdoers in making the arrest of the plaintiff, and by that very act Haskins was enabled to get into the house without opposition, and put the furniture of plaintiff and her husband into the street. It is true that defendants attempted to explain their actions that night, and both testified that Mulvena knew nothing about the goods being thrown out of the house; but, notwithstanding this, we think there

was sufficient in the case to raise a question of fact for the determination of the jury.

It is said further by counsel for defendants that the court permitted the jury, in determining the amount of damages, to consider the damage done to the household furniture. In this counsel are in error. No estimate was attempted to be placed upon the loss of the property damaged, and the only attention which the jury were directed to give to that branch of the case was that they were to take it into consideration as evidence of malice and in fixing exemplary damages.

We think there are no other questions requiring discussion.

The judgment is affirmed.

The other Justices concurred.